# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

MARIE A. THIEME, Appellant, v. JAMES F. GILLEN, Respondent.

*Negligence — liability of a contractor for digging a trench in a street in which to lay water pipes — he is not required to make a crossing where the city has not made one.*

APPEAL from a judgment in favor of the defendant, entered upon a verdict directed by the court at the Kings County Circuit.

The action was brought to recover damages for injuries sustained by the plaintiff in falling into a trench dug in one of the streets of the city of Brooklyn.

The court at General Term said : " The defendant was a contractor, under the city of Brooklyn, to dig a trench in Bedford avenue and to set water pipes therein. The city was to furnish the pipes. Under this contract the defendant had opened a trench in the avenue about four feet deep, and from one to two feet in width in front of Newton street. This street did not cross the avenue but terminated in it. There was no crossing there. The mode of doing the work was to tunnel under the crossings and leave them free for passage by persons traveling on foot across the avenue. There being no crossing at the junction of Newton street with the avenue, the trench was continued without this tunneling. There were crossings within one or two hundred feet of this junction of Newton street and the avenue. On the 11th of May, 1884, in the forenoon, the plaintiff, being on the avenue opposite the mouth of Newton street, attempted to cross this trench, and although there is some confusion as to the manner of the injury, she did step into the excavation and was hurt.

" The clause in the contract which required the defendant to put the earth from the excavation all on one side of the trench was not a measure of safety. It was only called for for convenience of deliver-

ing the pipes into the excavation. The clause requiring the excavation to be shored when it became necessary for the public safety has no relevancy. The trench was firm and did not occasion the injury. There was dirt on each side of the excavation about two feet on one side and one on the other. The plaintiff says, on her examination before trial, that she stepped on the large pile of dirt and it slipped with her into the ditch. Upon the trial she says that she stepped from the large pile to the smaller one (over the trench), and that the small pile crumbled and let her into the trench.

" In neither view was the accident occasioned by the defendant's negligence. He was not required to make a crossing where the city made none, and while the plaintiff had the right to use the street anywhere, her right was subject to the right of the city to lay water pipes in the streets. There is no question made that the obstruction was continued beyond the time needed to do the work, and crossings were made so near the place where the plaintiff attempted to pass, without one, that the absence of a place to cross at the point in question would not be sufficient to support a verdict."

The judgment should, therefore, be affirmed, with costs.

*Stephen B. Jacobs,* for the appellant.

*J. Stewart Ross,* for the respondent.

Opinion by BARNARD, P. J.; DYKMAN, J., concurred; CULLEN, J., not sitting.

Judgment affirmed, with costs.

---

FRANCIS B. WALLACE AND JOHN F. PHILLIPS, RESPONDENTS, *v.* ROBERT H. BERDELL, APPELLANT.

MARGARET C. WALLACE, AS EXECUTRIX, ETC., RESPONDENT, *v.* ROBERT H. BERDELL, CHARLES P. BERDELL AND LIZZIE A. BERDELL, APPELLANTS, IMPLEADED, ETC.

*Restitution of property sold under a judgment reversed on appeal — Code of Civil Procedure, sec. 1292 — what relief a court of equity will afford to a party required to make such restitution.*

APPEAL from an order of this court, made at the Dutchess Special Term and entered in Orange county, directing the